UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON CAIN #490544,

    Plaintiff,

v.

CARMEN PALMER, et al.,

    Defendants.
_____/

Hon. Janet T. Neff

Case No. 1:19-cv-628

## REPORT AND RECOMMENDATION

The Court has before it Plaintiff's Motions for Summary Judgment (ECF Nos. 29 and 33) and Plaintiff's Motion to Grant ECF No. 29 as Unopposed (ECF No. 49). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that all of the motions be **DENIED**.

### Background

Plaintiff, a state prisoner incarcerated with the Michigan Department of Corrections (MDOC), filed a complaint pursuant to 42 U.S.C. § 1983 against Defendants alleging that they retaliated against him in violation of his First Amendment rights while he was incarcerated at the Michigan Reformatory (RMI). In particular, Plaintiff alleges that he was a Block Representative on the Warden's Forum at RMI and that he complained both during a Warden's Forum session and by filing a grievance about Defendants' constant closure of the prison law library due to gang violence. (ECF No. 14 at PageID.85.) Plaintiff alleges that, after a September Warden's Forum session, ARUS Smith told him that Defendants had stated that because of Plaintiff's complaints about the law library, they were going to put Plaintiff on a bus. (*Id.* at PageID.86.) Plaintiff alleges that a couple of days later, Plaintiff was put on a bus and transferred to another facility.

(*Id.*)  Plaintiff alleges that the transfer caused him to lose his high-paying job at RMI, which he needed to purchase materials/services for his two pending cases, and resulted in his personal property, medication, and legal materials being withheld for more than two weeks.

Plaintiff moves for summary judgment as to liability on his claim.  In support of his motion, he has submitted a declaration pursuant to 28 U.S.C. § 1746.  (ECF No. 29-1.)

**Motion Standard**

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  Material facts are facts that are defined by substantive law and are necessary to apply the law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine if a reasonable jury could return judgment for the non-moving party.  *Id.*

The court must draw all inferences in a light most favorable to the non-moving party but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party."  *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle."  *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002).  Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."  *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).  The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it."  *Arnett*, 281 F.3d at 561.  Accordingly,

summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

**Discussion**

In his motion requesting that the Court grant ECF No. 29 as unopposed, Plaintiff argues that he is entitled to judgment because Defendants failed to file a timely response to his motion. This motion lacks merit. Plaintiff filed his motion for summary judgment (ECF No. 29) on December 20, 2019. Defendant responded on January 17, 2020 (ECF No. 47). Pursuant to Western District of Michigan Local Civil Rule 7.2(c), a party opposing a motion for summary judgment has 28 days to respond. Defendants thus had until January 17, 2020, to respond. Defendants' response, filed on January 17, 2020, was timely. Moreover, even if Defendants failed to file a timely response, the Court would nonetheless be obligated to ensure that Plaintiff had met his summary judgment burden, *Delphi Auto. Sys., LLC v. United Plastics, Inc.*, 418 F. App'x 374, 381 (6th Cir. 2011) (quoting *Carver v. Bunch*, 946 F.2d 451, 454–55 (6th Cir. 1991)), which, as explained below, he has not done.

Plaintiff argues that he is entitled to summary judgment based on his declaration. Plaintiff's motion is premature.[1] Defendants argue that Plaintiff failed to exhaust his administrative remedies before filing his complaint as required by the Prison Litigation Reform Act, and a bench trial/evidentiary hearing has been scheduled but not held. In the event the Court concludes that Plaintiff failed to exhaust his administrative remedies, the Court will dismiss his complaint without prejudice, even if Plaintiff could prevail on the merits. Moreover, as noted

---

[1] Plaintiff's second summary judgment motion (ECF No. 33) is duplicative of his first motion (ECF No. 29).

above, because Plaintiff has the burden of proof on his retaliation claim, he must show "that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Although Plaintiff's declaration might suffice to defeat a summary judgment motion by Defendants, it does not constitute evidence that no reasonable jury would be free to disbelieve. Moreover, the question of causation in a retaliation claim is usually a question to be resolved by the jury. *Maben v. Thelen*, 887 F.3d 252, 267 (6th Cir. 2018).

Accordingly, Plaintiff has not met his burden on summary judgment.

## Conclusion

For the reasons set forth above, I recommend that the Court **deny** Plaintiff's Motions for Summary Judgment (ECF Nos. 29 and 33) and his Motion to Grant ECF No. 29 as Unopposed (ECF No. 49).

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated: June 2, 2020     /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge