UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON CAIN #490544,

    Plaintiff,                                                Hon. Janet T. Neff

v.                                                                 Case No. 1:19-cv-628

CARMEN PALMER, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner incarcerated with the Michigan Department of Corrections (MDOC), filed a complaint pursuant to 42 U.S.C. § 1983 against Defendants alleging that they retaliated against him in violation of his First Amendment rights. Defendants filed a motion for summary judgment on the basis that Plaintiff failed to exhaust his administrative remedies. (ECF No. 23.) Anticipating that Plaintiff would concede that he did not exhaust a grievance through Step III pursuant to the MDOC's grievance policy, Policy Directive 03.02.130, but would argue that he was prevented from exhausting his administrative remedies, Defendants requested that the Court hold a bench trial in accordance with *Lee v. Willey*, 789 F.3d 673 (6th Cir. 2015). (ECF No. 24 at PageID.116.) As Defendants anticipated, Plaintiff responded to the motion with an affidavit detailing his attempts to exhaust his claim. Accordingly, on June 2, 2020, in the interests of expediency, the Court dispensed with a report and recommendation on Defendants' motion and set an evidentiary hearing. (ECF No. 63.)

The issue before the Court is not whether Plaintiff has exhausted his grievance through all levels of review in accordance with Policy Directive 03.02.130, *see Woodford v. Ngo*, 548 U.S.

81, 90–93 (2006), but instead whether the grievance procedure was unavailable to Plaintiff, *see Ross v. Blake*, 136 S. Ct. 1850 (2016).

The undersigned held an evidentiary hearing on August 13, 2020, at which Plaintiff and Defendants presented testimony and exhibits in support of their respective positions. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the Court **deny** Defendants' motion for summary judgment and adopt the following proposed findings of fact and conclusions of law as to Defendants' affirmative defense of failure to exhaust administrative remedies.

## Proposed Findings of Fact and Conclusions of Law

Plaintiff was incarcerated with the MDOC at Michigan Reformatory Correctional Facility (RMI) from February 13, 2016, until Friday September 16, 2016, when he was transferred to St. Louis Correctional Facility (SLF). Plaintiff believed that he was transferred in retaliation for his complaints at the Warden's Forum about lack of access to the prison law library and for filing a grievance concerning that issue.

Shortly after Plaintiff arrived at SLF, he obtained a Step I grievance form from his housing unit and submitted a grievance regarding the transfer to SLF's Grievance Coordinator. Shortly thereafter, staff at SLF told Plaintiff that he was required to file his grievance at his former facility, RMI, where the transfer decision occurred. The following Monday, September 19, 2016, Plaintiff completed a Step I grievance form, placed it in a stamped envelope addressed to the Grievance Coordinator at RMI, and deposited it for mailing in the regular mail. Because Plaintiff did not yet have access to his property or his prison funds and did not qualify as indigent for purposes of receiving an envelope and postage from the prison, Plaintiff borrowed a stamped envelope from prisoner Eric Hunt, who observed Plaintiff place the grievance in the envelope and then place the envelope in the mailbox.

Pursuant to the MDOC's grievance policy, upon receipt a of Step I grievance, a Grievance Coordinator must log the grievance into the system and assign it "a unique identifying number," which is used to identify the grievance at all subsequent steps of the grievance process. Mich. Dep't of Corrs. Policy Directive 03.02.130 ¶W. The Grievance Coordinator then provides the identifying number to the grievant.[1] Plaintiff obtained his property and access to his prison funds by September 27, 2016. As of that time, the RMI Grievance Coordinator had not sent Plaintiff the identifying number assigned to his Step I grievance, nor had he received a response. On September 29 or 30, 2016, Plaintiff sent a letter to the RMI Grievance Coordinator stating that he had yet to receive the identifying number for his grievance or a response. Plaintiff never received a response to his letter.[2]

Pursuant to the grievance policy, a prisoner initiates the grievance process by filing a Step I grievance. *Id.* ¶ V. The respondent has 15 business days after receipt of the grievance to respond, unless an extension is granted. *Id.* ¶ X. If the respondent fails to respond within the required time, including any extension, the prisoner may continue the process by submitting a grievance to Step II within ten business days after the response deadline. *Id.* at ¶ T. The prisoner must request a Step II form (which also serves as the Step III appeal form) from the Step I Grievance Coordinator. If the prisoner does not have the identifying number for the Step I grievance, the Grievance Coordinator will not issue a Step II form to the prisoner. The MDOC's grievance policy does not contain a provision expressly addressing how a prisoner should proceed

---

[1] The system provides the grievant a notice confirming receipt of the grievance identifying the grievance number promptly after the Step I grievance is logged in the system.

[2] Kurt Miller, the RMI Grievance Coordinator at the time, testified that he did not log correspondence that he received from inmates.

3

if he has not received a timely response but does not have the identifying number for the Step I grievance.

The Supreme Court has held that a prisoner properly exhausts a claim for purposes of 42 U.S.C. § 1997e(a) by complying with the prison's "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Jones v. Bock*, 549 U.S. 199 (2007), the Court reiterated:

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Id.* at 218. However, the Court has also held that a prisoner is not required to exhaust a grievance process that is effectively unavailable. *Ross v. Blake*, 136 S. Ct. 1850 (2016). The *Ross* Court observed that a grievance process is unavailable where, among other things, "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* at 1859.

Here, Plaintiff attempted to comply with the MDOC's grievance procedure by mailing the institution in which he was previously housed a Step I grievance. For whatever reason (including possibly that the Grievance Coordinator never received the Step I grievance in the mail), the Grievance Coordinator never sent Plaintiff the identifying number that he needed to file a Step II grievance or complete the grievance process. Plaintiff testified that, when he did not receive an acknowledgement of his Step I grievance with an identifying number (which normally happens within a few days), he subsequently sent another letter to the Grievance Coordinator inquiring as to its status but did not receive a response. Although the Grievance Coordinator testified that he received neither the original Step I grievance nor the follow-up letter, there is no evidence that Plaintiff did not send them through the U.S. Mail as he suggests. (And, in fact, Defendants

stipulated for purposes of the hearing that Plaintiff *had* sent the Step I grievance by mail from SLF to the grievance coordinator at RMI.)

Plaintiff did not receive a timely response to his Step I grievance.  His only option was to file a Step II appeal.  But because he lacked the identifying number, the Grievance Coordinator would not have given him a Step II form.  The policy did not tell him what to do.  Plaintiff had therefore run into "a simple dead end," rendering the grievance process unavailable.  *Id.*

## Conclusion

For the reasons set forth above, I recommend the Court **deny** Defendants' motion for summary judgment, **adopt** the foregoing findings of fact and conclusions of law as to Defendants' affirmative defense of failure to exhaust administrative remedies, and conclude that the grievance process was unavailable to Plaintiff.

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated: August 14, 2020                                       /s/ Sally J. Berens
                                                                                                     SALLY J. BERENS
                                                                                                     U.S. Magistrate Judge