UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON CAIN,

    Plaintiff,

v.

CARMEN PALMER, et al.,

    Defendants.
_____/

Case No. 1:19-cv-628

HON. JANET T. NEFF

**OPINION AND ORDER**

Pending before the Court are Plaintiff's Objections (ECF No. 196) to the Magistrate Judge's Report and Recommendation recommending that the Court deny Plaintiff's Motion for Summary Judgment (ECF No. 171) and grant Defendants' Motion for Summary Judgment (ECF No. 177). Defendants filed a Response to the Objections (ECF No. 197). For the following reasons, the Court approves and adopts the Magistrate Judge's Report and Recommendation as the Opinion of the Court.

**I.  STANDARD OF REVIEW**

The Court applies de novo review to those portions of the Report and Recommendation to which Plaintiff raises clear and specific objections. FED. R. CIV. P. 72(b)(3); *see Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995*); Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). "[G]eneral objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and

contentious." *Miller*, 50 F.3d at 380. "[O]bjections to magistrate judges' reports and recommendations are not meant to be simply a vehicle to rehash arguments set forth in the petition. . . . And similarly, the Court is not obligated to address objections that do not identify specific errors in the magistrate judge's proposed recommendations. *Frans v. Comm'r of Soc. Sec.*, No. 2:18-CV-4, 2019 WL 3205838, at *1 (W.D. Mich. July 16, 2019) (internal quotations and citations omitted).

## II.   DISCUSSION

Many of Plaintiff's objections sound as general objections, which do not satisfy the objection requirement. *Spencer*, 449 F.3d at 725. For example, Plaintiff states:

> [Objection] 10.) On page 19 [of the Report and Recommendation] it is stated "Defendants also point out that Plaintiff fails to present any evidence showing that Defendant Palmer was involved in Plaintiff's transfer, and both Defendants note that they were not involved with property transfers. . . . Plaintiff fails to rebut these assertions with admissible evidence." I object[.]
> Objection: the above is incorrect.

(ECF No. 196 at PageID.1264). Plaintiff's general objections dispute recommendations that he believes should have been resolved in his favor, without specifying the findings that are in error with reasoning and argument. *Id.* These objections leave nothing for the Court to address, and the objections are waived. *See Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

Primarily, Plaintiff does not show any fundamental flaw in the analysis or show through his Objections how he can establish the three elements of a prima facie case of retaliation: (1) Plaintiff engaged in protected conduct; (2) an adverse action was taken against Plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by Plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.

2

1999) (per curiam).  Instead, Plaintiff rehashes arguments made before the Magistrate Judge, without challenging the Magistrate Judge's core analysis.  *See e.g.*, *Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013).  The Court incorporates the Magistrate Judge's analysis to the rehashed arguments.

Plaintiff's lone, discernible specific objection is without legal support.  Plaintiff argues that contrary to the Magistrate Judge's conclusion temporal proximity between protected conduct and an official's adverse action is alone sufficient to establish the causal connection element of a retaliation claim (*id.* at PageID.1261; ECF No. 195 at PageID.1253).  Plaintiff refers the Court to *Montell v. Diversified Clinical Servs., Inc.*, 757 F.3d 497, 505 (6th Cir. 2014) for his claimed proposition.  *Montell* held, however, that temporal proximity together with other evidence of retaliatory conduct can establish the causal connection element of a prima facie case of retaliation. *Id.* (plaintiff established causal connection through evidence that she was asked to resign one day after filing a sexual harassment complaint).   For these reasons, Plaintiff's Objections are overruled.

The Court has reviewed the Report and Recommendation and finds it factually sound and legally correct.  The Court grants Defendants' Motion for Summary Judgment (ECF No. 177).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Objections to the Report and Recommendation (ECF No. 196) are **DENIED**.

**IT IS FURTHER ORDERED** that the Court **APPROVES AND ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 195) as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 171) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 177) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objections to the Magistrate Judge's Order, ECF No. 106 (ECF No. 111) are **OVERRULED AND DENIED**, as unpersuasive and for failure to lodge specific objections.

Because this Opinion and Order resolve all pending claims in this matter, a corresponding Judgment will issue.  *See* FED. R. CIV. P. 58.

Dated:  March 14, 2022                                   /s/ Janet T. Neff
                                                        JANET T. NEFF
                                                        United States District Judge